IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MATTHEUS ANTUAN WILCOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-015 |
| | ) | |
| BRYAN SELPH, Magistrate Judge; | ) | |
| JEFFERY DEAL, Telfair County Jail Drug | ) | |
| Investigator; and TELFAIR COUNTY | ) | |
| JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, a pre-trial detainee at the Coffee County Jail in Douglas, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP") regarding events occurring in Telfair County, Georgia. Upon review of Plaintiff's filings, it is unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983, or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. In his complaint, Plaintiff alleges Defendants failed to grant him an initial appearance within seventy-two hours. (See generally doc. no. 1.) However, in his request for relief, Plaintiff asks "to receive payments for the ecessive [sic] days I spent [in jail]." (Doc. no. 1, p. 5.)

To state a claim pursuant to § 1983, a plaintiff must allege the violation of a right secured by the Constitution of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). However, Plaintiff's complaint is not clear as to

whether he is challenging alleged procedural deficiencies related to his initial appearance that might allow him to seek nominal damages under § 1983, or whether he is seeking immediate release from custody.

To the extent Plaintiff, as a pre-trial detainee, seeks release from custody, a pre-trial petition for habeas corpus relief by a state prisoner is properly filed pursuant to 28 U.S.C. § 2241. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.").

Lastly, because it is unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether, through his IFP motion, Plaintiff is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Plaintiff shall have fourteen days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a § 1983 complaint or a § 2241 habeas corpus petition. The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service

copy of this Order. Plaintiff should submit only <u>one form</u> in response to this Order.[1] Once Plaintiff makes his selection by returning the appropriate, completed form, the Court will consider the merits of Plaintiff's IFP motion. Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 12th day of April, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] If Petitioner wants to proceed with a civil rights complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases, requiring two separate filing fees or IFP motions.