IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MATTHEUS ANTUAN WILCOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-015 |
| | ) |
| BRYAN SELPH, Magistrate Judge; | ) |
| JEFFERY DEAL, Telfair County Sheriff's | ) |
| Department Drug Investigator; and TELFAIR | ) |
| COUNTY SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at the Wheeler County Jail in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring in Telfair County, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING OF THE AMENDED COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names Magistrate Judge Bryan Selph, Telfair County Drug Investigator Jeffrey Deal, and Telfair County Sheriff's Department as Defendants. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as

follows.

On February 7, 2017 at around 10:30 a.m., Defendant Deal arrested Plaintiff at the Telfair County Courthouse. (Doc. no. 1, p. 5.) Without being read his rights or having a warrant issued, Plaintiff was sent straight to Coffee County Jail to be housed. (Id.) Plaintiff was never given an initial appearance within seventy-two hours as required by O.C.G.A. § 17-4-26, and Judge Selph held a commitment hearing for Plaintiff without notifying him of the time or place. (Id.) Plaintiff seeks monetary compensation for the "excessive days [he's] spending in jail." (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Judge Selph.

Plaintiff has failed to state a viable § 1983 claim against Magistrate Judge Brian Selph because he is entitled to judicial immunity. The Supreme Court has established a two-part test when determining whether a judge is protected by judicial immunity. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Stump v. Sparkman, 435 U.S. 349, 362, (1978)). First, the judge must be interacting with the plaintiff in a judicial capacity. Id. Second, even where the judge acted in his judicial capacity, judicial immunity will not apply where he acted in the "'clear absence of all jurisdiction.'" Id. (quoting Stump, 435 U.S. at 357). If the judge meets

both these requirements, he is entitled to immunity, even if his acts are in error, malicious, or in excess of his jurisdiction. See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000).

Here, it is clear Judge Selph was acting in his judicial capacity when he held Plaintiff's "commitment hearing," as Plaintiff indicates it was a public hearing in open court. Moreover, as a magistrate, Judge Selph was acting within his jurisdiction, whether the hearing was a preliminary hearing or a bond hearing. See O.C.G.A. §§ 15-10-2(9); 17-7-20. Accordingly, Judge Selph is entitled to judicial immunity and Plaintiff's claim against him fails.

### 3. Plaintiff Fails to State a Claim Against Defendant Telfair County Sheriff's Department.

Plaintiff has also failed to state a viable § 1983 claim against Defendant Telfair County Sheriff's Department because it is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted). Moreover, "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (holding county sheriff's department not

4

subject to suit under Georgia law). Thus, Plaintiff fails to state a claim against Defendant Telfair County Sheriff's Department because it is not a legal entity subject to liability in a § 1983 suit.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Magistrate Judge Brian Selph and Telfair County Sheriff's Department be **DISMISSED** and they be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's Fourth Amendment claim against Defendant Deal to proceed.

SO REPORTED and RECOMMENDED this 1 st day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA